UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

JERMAINE MAURICE FRANKLIN, JR.,        Case No. 21-20657-dob

                                    Chapter 7 Proceeding

        Debtor.                        Hon. Daniel S. Opperman

_____/

## OPINION ON REMAND REGARDING MOTION TO DISMISS OF MARK HAAK

### Procedural Background

On January 24, 2022, this Court entered its Opinion Denying the Motion To Dismiss filed by Mark Haak, In that Opinion, the Court concluded that the movant, Mark Haak, did not establish the requisite elements of bad faith as required by the Sixth Circuit Court of Appeals in the case of *Indus. Ins. Servs. v. Zick (In re Zick)*, 931 F.2d 1124 (6th Cir. 1991). The Court accordingly denied the Motion to Dismiss. The relevant facts at the time are described in detail in that Opinion, and the Court need not recite them here. Mr. Haak timely filed an appeal of that decision, and on September 29, 2023, the District Court entered an Opinion and Order Granting Appellant's Motion for Judicial Notice, Taking Judicial Notice of Adjudicative Facts, and Remanding Case for Further Proceedings ("District Court Remand Opinion").

### District Court Decision

The District Court Remand Opinion detailed the procedural history of Debtor Jermaine Franklin's bankruptcy case, including an in-depth summary of this Court's January 24, 2022 Opinion, as well as the two motions filed by Mr. Franklin to enforce rejection of the boxer/manager contract he had with Mr. Haak. These motions and, in particular, the second motion, which this Court granted, are linked to the Motion to Dismiss, because as noted by the District Court, both were appealed together. Further, the District Court noted that the outcome of

1

the appeal would also moot a pending motion to dismiss an adversary proceeding commenced by Mr. Haak to determine that Mr. Franklin's obligations under the Boxer-Manager Contract are nondischargeable.

The District Court considered Mr. Haak's motion that it take judicial notice of Mr. Franklin's boxing matches that occurred after this Court's decision on the Motion to Dismiss Mr. Franklin's bankruptcy case, specifically boxing matches that occurred on November 26, 2022, April 1, 2023 and July 15, 2023. The District Court held that the boxing matches would be judicially noticed under Federal Rule of Evidence 201(b)(2). In arriving at this conclusion, the District Court noted the reason and logic behind the appropriateness of taking judicial notice of public statements regarding Mr. Franklin's boxing matches, characterizing such as "adjudicative facts." Specifically, the District Court stated:

> These matches, particularly facing former heavyweight boxing champions, are undoubtedly significant events that may impact Franklin's financial situation and future boxing income. . . . Similarly, they show that Franklin may have misstated his financial status to succeed in bankruptcy, thus avoiding his obligations under the Contract with Haak. Indeed, Franklin's "short" boxing career was a substantial basis for the bankruptcy court's decision.

*Haak v. Franklin*, 654 B.R. 255, 266 (E.D. Mich. 2023), On this point, the District Court remanded the matter to this Court to "reevaluate Franklin's case under the *Zick* factors . . . . [to] examine the impact of these new matches on Franklin's financial situation and overall good faith in filing for bankruptcy, and to consider how the adversary proceeding might impact the issues disputed by the Parties in this appeal." *Id*.

### Post-Remand Proceedings Before This Court

Shortly after the District Court's decision, this Court conducted a status conference, and further determined to hold this case and the adversary proceeding in abeyance due to Mr. Franklin's claim of appeal of that decision to the Sixth Circuit Court of Appeals. The Court of

Appeals dismissed Mr. Franklin's appeal upon the motion to dismiss of Mr. Haak on August 7, 2024. This Court thereafter held a status conference on September 10, 2024, at which the parties requested time to mediate the matter, which this Court granted. On February 5, 2025, Mr. Franklin's attorney withdrew as counsel, and Mr. Franklin now represents himself in this matter. Mr. Franklin and counsel for Mr. Haak requested time to file briefs on Mr. Haak's Motion To Dismiss with the directive of the District Court in its Opinion directing remand and for this Court to take judicial notice of the new boxing matches. This Court has reviewed the record in this matter, in particular the briefs on this issue, as well as the boxing matches occurring after this Court's Orders denying Mr. Haak's motion to dismiss and regarding Mr. Franklin's motions to enforce the boxer-manager contract.

<u>New Boxing Matches</u>

The Court has consulted: BoxRec.com, Boxingscene.com, bbc.com, and espn.com. These are all publicly available resources, which the District Court directed this Court to consult. Additionally, this Court reviewed sportysalaries.com with regard to purses and additional pay-per-view shares received by Mr. Franklin for the subject boxing matches. These resources were reviewed to verify the following information from certain post-petition matches: Mr. Franklin's participation; the statistics of these matches; and the purse or winnings to Mr. Franklin.

Pursuant to the District Court's Order to this Court, the following boxing matches of the Debtor have been examined[1]:

---

[1] On September 2, 2025, Mr. Haak filed a pleading entitled, "Mark F. Haak's Motion for Judicial Notice of September 13, 2025 Boxing Match." When consulting the independent sources for the following three fights, the Court also noted this upcoming boxing match in which Mr. Franklin is scheduled to fight Ivan Dychko. While consideration of the September 13, 2025 fight may support this Court's conclusions for purposes of remand, this Court is confined to the three boxing matches specifically identified by the District Court in its September 29, 2023 Opinion.

3

(1) <u>November 26, 2022 Match</u>: This was the match against Dillian Whyte. Mr. Franklin lost this match after a twelve-round majority decision. Per the above sources, the purse for this fight was as high as $500,000, with a 35% pay-per-view share. The spreadsheet prepared by Mr. Franklin in supplemental production states that the purse for this fight was $260,000.

(2) <u>April 1, 2023 Match</u>: Mr. Franklin fought Anthony Joshua on this date, which resulted in a loss after a unanimous points victory in Joshua's favor. The above sources indicate a purse as high as $1.5 million with a 30% pay-per-view share. Mr. Franklin's spreadsheet lists a purse of $420,000 from this fight.

(3) <u>July 15, 2023 Match</u>: This fight against Isaac Munoz Gutierrez earned Mr. Franklin a purse as high as $250,000 per the above sources. Mr. Franklin won this fight in a split decision. On his spreadsheet for this fight, Mr. Franklin lists a purse of $140,000.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

Analysis

As previously noted in this Court's January 24, 2022 Opinion, a court may dismiss a case under 11 U.S.C. § 707(a) "only after notice and a hearing and only for cause." 11 U.S.C. § 707(a). Section 707(a) lists three examples of "cause": unreasonable delay, nonpayment of fees and failure to file schedules and statements. These examples are intended to be non-exclusive illustrations of "cause." *Zick*, 931 F.2d at 1126. The *Zick* court further clarified that a:

> [d]ismissal based on lack of good faith must be undertaken on an *ad hoc* basis. . . . It should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention

4

to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence.

*Zick*, 931 F.2d at 1129 (citation omitted).

As directed by *Zick*, the Court should review the totality of the circumstances. The relevant factors a court is to consider in making this determination include:

1.  The debtor reduced his creditors to a single creditor in the months prior to filing the petition.

2.  The debtor failed to make lifestyle adjustments or continued living an expansive or lavish lifestyle.

3.  The debtor filed the case in response to a judgment[,] pending litigation, or collection action; there is an intent to avoid a large single debt.

4.  The effort the debtor made to repay his debts.

5.  The unfairness of the use of Chapter 7.

6.  The debtor has sufficient resources to pay his debts.

7.  The debtor is paying debts to insiders.

8.  The schedules inflate expenses to disguise financial well-being.

9.  The debtor transferred assets.

10. The debtor is over-utilizing the protection of the Code to the unconscionable detriment of creditors.

11. The debtor employed a deliberate and persistent pattern evading a single major creditor.

12. The debtor failed to make candid and full disclosure.

13. The debts are modest in relation to assets and income.

14. There are multiple bankruptcy filings or other procedural

"gymnastics."

*Id.* at 1128-29.

Mr. Haak urges this Court to reconsider all of the *Zick* factors on remand, with particular focus on factors 2, 3, 5, 6, 10, 11, 12, 13 and 14. As directed by the District Court, this Court will limit its inquiry to the three fights described above, as it analyzes Mr. Haak's Motion To Dismiss in light of Mr. Franklin's post-petition income from these fights.

*Zick* Factors 1, 4, 7, 8 and 9

As was the case in his underlying Motion To Dismiss and as determined by this Court in its January 24, 2022 Opinion, Mr. Haak does not rely on factors 1, 7 or 9 in support of his motion on remand. While Mr. Haak does not specifically rely upon factors 4 or 8 on remand either, the Court will address these two factors briefly.

As to Factor 4, examining the effort Mr. Franklin made to repay his debts, this Court found this factor weighed in favor of Mr. Franklin in its January 24, 2022 Opinion. This Court found Mr. Franklin had made sufficient effort to pay his debts at that time. While it follows that the effort to repay debts may be impacted by these post-petition boxing matches, Mr. Haak does not argue such, and there is insufficient evidence regarding such from an examination of these boxing matches alone.

Regarding Factor 8, whether Mr. Franklin's Schedules inflate expenses to disguise a comfortable financial status, Mr. Haak does not raise this factor for purposes of remand. Mr. Franklin's Schedules were filed over four years ago and are irrelevant to a current analysis of Mr. Franklin's "financial well-being."

Thus, this Court will not analyze these factors other than to observe they are neutral to its analysis.

6

The following factors are raised by Mr. Haak in support of his Motion To Dismiss and will be addressed in the order argued in his Supplemental Brief.

*Zick* Factors 6 and 13

Mr. Franklin's Schedules I and J filed on June 4, 2021 at the time the case was filed, have not been amended and are not helpful or relevant for purposes of evaluating these three fights under *Zick*. These Schedules show zero income, and $3,525.00 in monthly expenses at that time. This Court held in its January 24, 2022 Opinion that two of Mr. Franklin's boxing matches were cancelled due to Covid-related issues, which at the time "made his future more uncertain to the point where the Court conclude[d] these factors are in favor of Mr. Franklin."

Mr. Franklin's financial situation has changed since he filed this case and since the Court's January 24, 2022 Opinion. The Court takes judicial notice of Mr. Franklin's significant income from these three boxing matches. The Court recognizes that the earnings from the three fights do not account for taxes and expenses, and Mr. Franklin's spreadsheets indicate that these expenses significantly reduced his earnings for these fights. There is nothing to substantiate these expenses, but the Court recognizes that there were expenses incurred. This variable is reasonably reconciled by using Mr. Franklin's numbers on the total purse income earned, which is far less than other sources available and does not account for potential pay-per-view and other sponsorship income. Using Mr. Franklin's numbers, he grossed an estimated $820,000 in purse income in an eight-month period spanning from November 2022 to July 2023. These matches and income take Mr. Franklin's future earning potential out of the "speculative" or "uncertain category," as originally found by this Court, and place such into the category of significant income that has and may continue for the foreseeable future for a boxer such as Mr. Franklin.

7

Factors 6 and 13—whether Mr. Franklin has sufficient resources to pay his debts and whether debts are modest as compared to income—weigh in favor of Mr. Haak.

<u>*Zick*</u> Factors 3, 5, 10, 11, 12 and 14

This Court previously found that factors 3 and 11 weigh in favor of Mr. Haak. This Court previously concluded that Mr. Franklin filed this bankruptcy when Mr. Haak's District Court action was pending. While Mr. Franklin had other creditors at the time of filing, these creditors were "notably the Internal Revenue Service and the State of Michigan [which] Mr. Franklin's Chapter 7 discharge [would have] little effect on any obligation he may owe each entity." In summary, this Court concluded in its January 24, 2022 Opinion that this bankruptcy filing was mainly in response to the pending litigation with Mr. Haak and Mr. Haak as a creditor of Mr. Franklin. These factors continue to weigh in favor of Mr. Haak.

Factors 5 and 10 concern the unfairness of Mr. Franklin's use of Chapter 7 and whether Mr. Franklin is overutilizing the Bankruptcy Code to the unconscionable detriment of creditors. As the Court found in its January 24, 2022 Opinion, these factors weighed in favor of Mr. Haak. The three boxing matches this Court takes judicial notice of only serve to strengthen the weight given to Mr. Haak as to these two factors. Mr. Franklin's use of Chapter 7 bankruptcy protection to the detriment of namely Mr. Haak, when he has significant income and potential income earning potential strongly weigh these two factors in favor of Mr. Haak.

Factor 12—whether Mr. Franklin has failed to make full and candid disclosures—continues to be problematic for Mr. Franklin. The failure of Mr. Franklin to document and support deposits and expenses continues as evidenced by these three boxing matches. Prior to these boxing matches, Mr. Franklin's disclosure errors ranged in significance. The Court continues to find Mr. Franklin's non-disclosure $25,000 received by him as problematic. Also

problematic is Mr. Franklin's duty to amend Schedules I and J to account for increased income and attendant expenses, especially in light of the ongoing Motion To Dismiss and other issues concerning Mr. Haak. The Court originally found this factor to weigh slightly in favor of Mr. Haak. With the Court's judicial notice of these three boxing matches, along with Mr. Franklin's unsubstantiated spreadsheets from such, this factor weighs solidly in favor of Mr. Haak.

The Court finds factor 14 to be in Mr. Franklin's as there are not multiple bankruptcy filings, and there is no indication of "procedural gymnastics" based upon these three boxing matches.

*Zick* Factor 2

Mr. Haak did not previously rely upon this factor, but raises it on remand. Mr. Haak argues that Mr. Franklin chose to "incur substantial debts through unsuccessful litigation," which should support a conclusion that Mr. Franklin failed to make lifestyle adjustments and continued to live a lavish lifestyle during this time. Specifically, Mr. Haak asserts that Mr. Franklin deliberately chose to incur legal expenses to attorney Katrina Cawley, which comprised over one-third of Mr. Franklin's debt at the time of the bankruptcy filing--$62,500. The Court concludes that the existence of this debt has no to little connection to Debtor's expenses and whether he is living "an expensive or lavish lifestyle." Further, even if this factor is independently evaluated, no evidence has been presented to the Court as to this factor under the parameters given it on remand. This factor weighs in favor of Mr. Franklin.

Conclusion

On remand, this Court, as directed by the District Court, takes judicial notice of the above-identified three boxing matches, in which Mr. Franklin earned significant income. Upon consideration of such, the Court concludes that the *Zick* factors tip in favor of Mr. Haak. Mr.

Haak has met his burden of proof under the totality of the circumstances pursuant to 11 U.S.C. § 707(a). Mr. Franklin's current financial status, as supported by the income earned from these three boxing matches exhibit significant earnings and potential for future earnings. This is in direct contrast to the speculative earning potential found by this Court to exist in its January 24, 2022 Opinion as this Court did not have the benefit of consideration of these post-petition matches. Whether this earning potential was known by Mr. Franklin at the time is debatable but it is known by the Court now. These boxing matches and likely others warranted an amendment to Mr. Franklin's Schedules I and J. Such was not done, and Mr. Franklin's failure to do so is indicative of the egregious conduct of "concealed or misrepresented assets and/or sources of income . . . and intention to avoid a large single debt." *Zick*, 931 F.2d at 1129 (citation omitted).

The Motion to Dismiss is GRANTED. The Court will enter an order consistent with this Opinion.

**Signed on September 15, 2025**



/s/ Daniel S. Opperman
**Daniel S. Opperman**
**United States Bankruptcy Judge**